# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS JEAN CHILDRESS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CASSANDRA TAYLOR, et al.,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-00088-LJO-BAM<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 9) |

Plaintiff Doris Jean Childress, proceeding pro se, initiated this action in Merced County Superior Court on December 12, 2018. Defendants National Railroad Passenger Corporation aka AMTRAK (erroneously sued as AMTRAK Corp.) and Cassandra Taylor removed the action to this Court on January 18, 2019. (Doc. No. 1.) A Scheduling Conference is set in this action on May 29, 2019. (Doc. No. 7.)

Currently before the Court is Plaintiff's motion for the appointment of counsel. (Doc. No. 9.) In her moving papers, Plaintiff avers that counsel should be appointed because the issues in this action are complex, she is "age strickened at 71," she has impairments that limit her normal daily activities, she cannot afford counsel, she is not versed in the law or properly staffed, and counsel is needed to allow her to conduct discovery. (Id. at 1-2.) Plaintiff further avers that she has become homeless without the assistance of her automobile and has limited resources. (Id. at 2.)

1

Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), a court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the [individual] to articulate his claims pro se in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotation marks and citation omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Plaintiff has not demonstrated a likelihood of success on the merits, and her assertion regarding the need for discovery does not necessarily demonstrate that the issues here are complex. Further, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims.

For the foregoing reasons, Plaintiff's motion to appoint counsel (Doc. No. 10) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **May 1, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE