# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS JEAN CHILDRESS,<br><br>   Plaintiff,<br><br>   v.<br><br>CASSANDRA TAYLOR, et al.,<br><br>   Defendants. | Case No. 1:19-cv-00088-NONE-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FOR FAILURE TO OBEY THE COURT'S ORDERS<br><br>(Doc. Nos. 22, 24)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.  Background**

Plaintiff Doris Jean Childress ("Plaintiff"), proceeding pro se, initiated this action in the Superior Court of the State of California, County of Merced, on December 12, 2018. (Doc. No. 1.) On January 18, 2019, the matter was removed to this Court by Defendants National Railroad Passenger Corporation aka Amtrak erroneously sued as Amtrak Corp. ("Amtrak") and Cassandra Taylor. (*Id.*)

On May 30, 2019, the action was referred to the Court's Voluntary Dispute Resolution Program ("VDRP"). (Doc. No. 17.) On June 14, 2019, Andrew Wanger was appointed as the VDRP Neutral. (Doc. No. 18.)

1

Although completion of VDRP presumptively was delayed in July 29, 2019, due to Plaintiff's health (*See* Doc. No. 20), the matter remained unresolved and inactive on the Court's docket for more than one year. Accordingly, on August 19, 2020, the Court directed the parties to file a joint status report regarding the VDRP referral. The parties were informed that the failure to comply with the Court's order could result in the imposition of sanctions. (Doc. No. 22.)

Defendants Amtrak, Cassandra Taylor and Tina Akin dba Takin Towing filed a joint status report. According to the report, Amtrak's counsel last heard from Plaintiff in November 2019 and there had been no contact with her for nearly one year. Plaintiff also did not respond to the VDRP's request for status on the completion of the VDRP. Defendants therefore requested that the Court issue an order to show cause as to why the case should not be dismissed for failure to prosecute. (Doc. No. 24.) Plaintiff did not respond to the Court's order for a joint status report.

Based on the joint status report submitted by defendants, and Plaintiff's lack of response, the Court issued an order withdrawing the referral to VDRP and directing Plaintiff to show cause in writing, within fourteen (14) days of service of the order, why the action should not be dismissed for Plaintiff's failure to prosecute this action or to comply with the Court's order. The Court warned that the failure to respond would result in a recommendation for dismissal of this action for failure to prosecute and failure to obey the Court's order. (Doc. No. 24.) Plaintiff did not respond to the Court's order and the time to do so has passed. The Court will therefore recommend that this action be dismissed, with prejudice, for failure to prosecute and failure to obey the Court's orders.

**II.    Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

2

failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending in this Court since January 2019, and despite referral to VDRP more than one year ago in May 2019, remains unscheduled and unprosecuted by Plaintiff.  The Court cannot hold this case in abeyance awaiting Plaintiff's compliance.  The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating her case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's August 19, 2020 order directing the parties to file a joint status report warned that failure to comply may result in the imposition of sanctions. (Doc. No. 22 at 2.)  Further, the Court's September 21, 2020 order to

show cause expressly warned Plaintiff that her failure to respond would "result in a recommendation for dismissal of this action for failure to prosecute and failure to obey the Court's order." (Doc. No. 24 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The imposition of monetary sanctions or the preclusion of evidence/witnesses are likely to have no effect given that Plaintiff has ceased litigating her case.

### III. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to prosecute this action and failure to obey this Court's orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 19, 2020__          /s/ *Barbara A. McAuliffe*  
                                    UNITED STATES MAGISTRATE JUDGE